**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| MIKE MCCOY and DEBORAH MCCOY,<br><br>Plaintiffs,<br><br>v.<br><br>ZIMMER BIOMET HOLDINGS, INC., BIOMET, INC., BIOMET TRAUMA, LLC, and ZIMMER, INC., d/b/a ZIMMER BIOMET,<br><br>Defendants. | CIVIL ACTION NO. |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that the Defendants, Zimmer Biomet Holdings, Inc., Biomet, Inc., Biomet Trauma, LLC, and Zimmer, Inc., d/b/a Zimmer Biomet (collectively, "Removing Defendants" or "Zimmer"), remove the state court action entitled *Mike McCoy, et al. v. Zimmer Biomet Holdings, Inc., et al.*, Case No. 2025SV000595 from the State Court of Hall County, Georgia (the "Action"), to this Court based upon diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interests and costs. *See* 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are as follows:

## INTRODUCTION

1. Plaintiffs Mike McCoy and Deborah McCoy ("Plaintiffs") commenced this action on April 1, 2025, by filing their Complaint in the State

Court of Hall County, Georgia, Case No. 2025SV000595, against the Removing Defendants. Copies of all process, pleadings, and orders in the state court are attached as **Exhibits A and B**, in accordance with 28 U.S.C. § 1446(a).

2. In this product liability action, Plaintiffs allege that Removing Defendants designed, manufactured, and sold a defective Phoenix Ankle Arthrodesis Nail System (the "Device") that was implanted into Plaintiff Mike McCoy's right ankle. *See* **Exhibit A**, Compl. at ¶¶ 10-11. More specifically, Plaintiffs allege that the Device failed and fractured, causing a need for Plaintiff Mike McCoy to undergo a revision surgery on May 9, 2023. *Id*. at ¶¶ 14-15.

3. Plaintiffs further contend that Plaintiff Mike McCoy "suffered physical injury and pain and suffering, disability and impairment, disfigurement in the past and future, loss capacity to enjoy life in the past and future, medical expenses in the past and future, expense of hospitalization, medical and nursing treatment, lost wages and lost earning capacity, and fear and mental anguish concerning future medical problems." *Id*. at ¶ 34. Further, Plaintiffs contend that Plaintiff Deborah McCoy "suffered lost consortium." *Id*.

4. The Removing Defendants were served by personal service on their registered agents beginning on April 11, 2025. *See* **Exhibit B**. More specifically, Removing Defendant Zimmer Biomet Holdings, Inc. was served on April 11, 2025; Removing Defendant Biomet Trauma, LLC was served on April 14, 2025;

Removing Defendant Biomet, Inc. was served on April 17, 2025; and Removing Defendant Zimmer, Inc. was served on April 17, 2025. *Id*.

5. The Removing Defendants have not yet answered or otherwise responded to the Complaint.

## GROUNDS FOR REMOVAL

6. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. The action may be removed pursuant to 28 U.S.C. § 1441 because (i) removal is timely, (ii) there is complete diversity of citizenship between Plaintiffs and Removing Defendants, pursuant to 28 U.S.C. § 1332(c)(1), (iii) the amount in controversy requirement set forth in 28 U.S.C. § 1332(a) is satisfied, and (iv) this Court is the proper venue.

### A. Removal Is Timely.

7. Removal is timely, pursuant to 28 U.S.C. § 1446(b), because Removing Defendants have filed this Notice of Removal within 30 days of being served with the Summons and Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day clock for removal does not begin to run until service is perfected). As noted above, the Removing Defendants were served on April 11, 14, and 17, 2025. *See* **Exhibit B**.

**B. The Diversity of Citizenship Requirement is Satisfied.**

8. Plaintiffs are residents of Georgia. *See* **Exhibit A**, Compl. at ¶ 1. Additionally, Plaintiff Mike McCoy underwent his relevant medical care in Georgia. *See id.* at ¶¶ 6, 10 (noting treatment at Northeast Georgia Medical Center, Hall County, Georgia). Based on their residence in Georgia since at least 2022, Plaintiffs are domiciled in Georgia and are citizens of Georgia for purposes of determining diversity. *See Elliott v. BOKF, N.A.*, 2018 WL 8263266, at *2-4 (N.D. Ga. Dec. 19, 2018) (noting that while residence does not equate domicile, long-term residence is the *prima facie* domicile) (citing *Stine v. Moore*, 213 F.3d 446, 448 (5th Cir. 1954)).

9. Removing Defendant Zimmer Biomet Holdings, Inc. is a corporation existing under the laws of the State of Delaware with its principal place of business in Warsaw, Indiana. *See* **Exhibit A**, Compl. at ¶ 2. Thus, Zimmer Biomet Holdings, Inc. is a citizen of Delaware and Indiana for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

10. Removing Defendant Biomet, Inc. is incorporated under the laws of the State of Indiana, with its principal place of business in Warsaw, Indiana. *See* **Exhibit A**, Compl. at ¶ 3. Thus, Biomet, Inc. is a citizen of Indiana for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

11. Removing Defendant Biomet Trauma, LLC is an Indiana limited liability company. *See* **Exhibit A**, Compl. at ¶ 4. The sole member of Biomet Trauma, LLC is Biomet U.S. Reconstruction, LLC, which is an Indiana limited liability company. The sole member of Biomet U.S. Reconstruction, LLC is Zimmer US, Inc., which is a Delaware corporation with its principal place of business in Warsaw, Indiana. Thus, as its members are citizens of Delaware and Indiana, Removing Defendant Biomet Trauma, LLC is a citizen of Delaware and Indiana for purposes of determining diversity. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (quoting *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir.1998)) ("[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members.").

12. Removing Defendant Zimmer, Inc. is incorporated under the laws of the State of Delaware, with its principal place of business in Warsaw, Indiana. *See* **Exhibit A**, Compl. at ¶ 5. Thus, Zimmer, Inc. is a citizen of Indiana for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

13. Therefore, there is complete diversity of citizenship between Plaintiffs and Removing Defendants.

### C. The Amount in Controversy Requirement Is Satisfied.

14. Removal is proper under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1446 if the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs.[1]

15. Under section 1446(a), a defendant seeking to remove a case must include in its Notice of Removal "a short and plain statement of the grounds for removal." The United States Supreme Court has explained that "by borrowing the familiar 'short and plain statement' standard" from Rule 8(a) of the Federal Rules of Civil Procedure, Congress "intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014) (quoting H.R. Rep. No. 100–889, p. 71 (1988)). To satisfy the "short and plain statement" requirement, the removal notice must allege the amount in controversy "plausibly" but "need not contain

[1] The preponderance of the evidence standard was announced in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, "the defendants do not need to prove to a legal certainty that the amount in controversy

evidentiary submissions" to support the allegation. *Id.* at 84, 86 (quoting *Ellenburg v. Spartan Motors Chassis Inc.*, 519 F.3d 192, 200 (4th Cir. 2008), for the proposition that "a removing party's notice of removal need not 'meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint'").

16. In their Complaint, Plaintiffs assert four causes of action, including (1) Products Liability; (2) Breach of Implied Warranty; (3) Breach of Express Warranty; and (4) Loss of Consortium. *See* **Exhibit A**, Compl. at ¶¶ 26-48. Plaintiffs allege, "The amount of damages will be determined by the enlightened conscience of the jury at trial, but in any case, greatly exceeds the jurisdictional minimum to confer jurisdiction in this Court." *Id.* at ¶ 34.

17. In the Eleventh Circuit, where no specific amount in controversy is alleged, a removing defendant need only show by a preponderance of evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); 28 U.S.C. §1446(c)(2)(B); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable."

---

requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16.

*Roe v. Michelin North Am.*, 613 F.3d 1058, 1062 (11th Cir. 2010) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)).

18. Here, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs. More specifically, in their Complaint, Plaintiffs allege that Plaintiff Mike McCoy underwent a revision surgery to replace his Device. *See* **Exhibit A**, Compl. at ¶¶ 3, 31. Plaintiffs further allege that, as a result, Plaintiff Mike McCoy "suffered physical injury and pain and suffering, disability and impairment, disfigurement in the past and future, loss capacity to enjoy life in the past and future, medical expenses in the past and future, expense of hospitalization, medical and nursing treatment, lost wages and lost earning capacity, and fear and mental anguish concerning future medical problems." *Id.* at ¶ 34. Further, Plaintiffs contend that Plaintiff Deborah McCoy "suffered lost consortium." *Id.*

19. Although Removing Defendants intend to vigorously dispute the allegations in the Complaint, courts also often look to jury verdicts in comparable cases to determine the amount in controversy. Verdicts with damages in excess of $75,000 have resulted in cases where plaintiffs alleged that a medical product caused injury, but not death. *See, e.g., Toole v. McClintock*, 999 F.2d 1430, 1432–33 (11th Cir. 1993) (addressing on appeal an award of $400,000 in compensatory damages and $5 million in punitive damages in a medical device product liability

case); *Benford v. Richard's Med. Co.*, 792 F.3d 1537, 1538 (11th Cir. 1986) (discussing an award of $165,000 in compensatory and $100,000 in punitive damages in a medical device case); *Christiansen v. Wright Med. Tech., Inc.*, 2015 WL 9701334 (N.D. Ga. Nov. 24, 2015) (reporting on verdict in metal-on-metal hip case awarding the plaintiff $1 million in total compensatory damages and $10 million in punitive damages); *K.B. Pro Ami, Bunch v. Pacific Cycle, Inc. d/b/a Schwinn Bicycles*, 2015 WL 4465118 (N.D. Ga. May 7, 2015) (with respect to product liability more broadly, reporting on $550,000 verdict awarded to the plaintiff in bicycle defect case who suffered a severed femoral vein after a tip over).

20. Therefore, based on the allegations in the Complaint and this Notice of Removal, the amount in controversy, exclusive of interest and costs, exceeds $75,000, as required by 28 U.S.C. § 1332(a).

**D. Venue and Other Requirements Are Satisfied.**

21. The United States District Court for the Northern District of Georgia includes Hall County, the county in which the Action is now pending. Thus, this Court is the proper venue for the Action pursuant to 28 U.S.C. § 1441(a).

22. Pursuant to 28 U.S.C. § 1446(d), Removing Defendants are filing a written notice of this removal (attached hereto as **Exhibit C**) with the Clerk of the

State Court of Hall County, Georgia, which, along with this Notice, is being served upon Plaintiffs' counsel as required by 28 U.S.C. § 1446(d).

23. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Removing Defendants are attached as **Exhibits A and B**.

For the foregoing reasons, federal jurisdiction exists under 28 U.S.C. § 1332(a), and removal is appropriate under 28 U.S.C. § 1441(a).

Respectfully submitted this 9th day of May, 2025.

TROUTMAN PEPPER LOCKE LLP

*/s/ David F. Norden*
David F. Norden
Georgia Bar No. 545647
600 Peachtree St., NE
Suite 3000
Atlanta, GA 30308
Telephone: (404) 885-3000
Facsimile: (404) 885-3900
david.norden@troutman.com

*Attorneys for Defendants Zimmer Biomet Holdings, Inc., Biomet, Inc., Biomet Trauma, LLC, and Zimmer, Inc.*

**FONT CERTIFICATION**

Pursuant to Local Rule 7.1D, I hereby certify that the foregoing document was prepared using Times New Roman 14-point type as provided in Local Rule 5.1.

*/s/ David F. Norden*
David F. Norden
Georgia Bar No. 545647

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of May, 2025, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and served Plaintiffs' counsel with a copy via U.S. Mail with adequate first class postage affixed thereto as follows:

Brittany N. Conner
Mitchell M. Shook
SALTER SHOOK
P.O. Drawer 300
Vidalia, GA 30475
Telephone: (912) 537-1448
Facsimile: (912) 537-0829
bconner@vidalialaw.com
mitchshook@vidalialaw.com

*/s/ David F. Norden*
David F. Norden
Georgia Bar No. 545647